IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOYD'S AVIATION, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CENTER FOR ENVIRONMENTAL )<br>HEALTH, et al., )<br>)<br>Defendants. )<br>_____ ) | 1:11-CV-01078 AWI DLB<br><br>ORDER DENYING PLAINTIFFS' REQUEST TO PRESENT ORAL TESTIMONY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

Currently pending before this Court is Plaintiffs' motion for preliminary injunction, which was filed on June 30, 2011. This motion is set for hearing on October 3, 2011, at 1:30 p.m. in Courtroom 2. On September 2, 2011, Plaintiffs filed a request to present oral testimony in support of their motion for preliminary injunction at the October 3, 2011 hearing.

Under Local Rule 231(d)(3), parties shall inform the Court in their motion for preliminary injunction whether they desire to present oral testimony at the hearing. Plaintiffs concede that they did not inform the Court of their desire to present oral testimony in their motion for preliminary injunction. See Doc. 36 at 2. However, Plaintiffs now contend that oral testimony is necessary. Id.

Plaintiffs seek a preliminary injunction to enjoin Defendants Center for Environmental Health ("CEH") and Kamala Harris, Attorney General of the State of California, from enforcing

or threatening to enforce the Safe Drinking Water and Toxic Enforcement Act of 1986 ("Proposition 65") against Plaintiffs.  Proposition 65 includes two distinct provisions: (1) the warning provision of California Health & Safety Code § 25249.6, which requires the provision of warnings to individuals exposed to carcinogens and reproductive toxins by those causing the exposure; and (2) the discharge prohibition of California Health & Safety Code § 25249.5, which prohibits entities operating in California from discharging carcinogens and reproductive toxins into sources of drinking water.

Under Proposition 65, any person may file suit in the public interest so long as the private enforcement action is (1) commenced more than sixty days from the notice of alleged violation; and (2) neither the Attorney General nor any other qualified public prosecutor has commenced and is diligently prosecuting an action against the violation.  See Cal. Health & Safety Code § 25249.7(d).  In this case, on May 9, 2011, CEH sent three Notices of Violation to Plaintiffs.  All three of the May 9, 2011 Notices contained allegations that Plaintiffs were violating the "warning requirement" of Proposition 65.  In addition, two of the three May 9, 2011 Notices of Violation contained allegations that certain Plaintiffs were violating the "discharge prohibition" of Proposition 65.  On June 30, 2011, Plaintiffs filed their motion for preliminary injunction.  Subsequently, on August 16, 2011, CEH issued Amended Notices of Violation, which removed the "discharge prohibition" allegations from the two Notices that included such allegations.

Plaintiffs contend that CEH's August 16, 2011, Amended Notices of Violation necessitate oral testimony, arguing that oral testimony is essential to the Court's evaluation of whether Plaintiffs would suffer irreparable harm if they are forced to provide warnings under Proposition 65, or to defend themselves from CEH's threatened lawsuit.  See Doc. 36 at 2.  Plaintiffs seek to present the oral testimony of Plaintiff Steve Loyd ("Loyd") on these issues at the hearing.  Id.  Plaintiffs state Loyd can "speak to the impact that CEH's threatened lawsuit - as described in its Amended Notice of Violation[.]"  See Doc. 53 at 3.

In their opposition, CEH states that there are no changed circumstances that justify Plaintiffs' untimely request to present oral testimony.  See Doc. 51 at 2.  Plaintiffs state that the Amended Notices of Violation "did not in any way alter CEH's allegations that all of the entities

named therein . . . were violating the warning provision of Proposition 65." Id. at 3. "The amendments merely deleted all of CEH's discharge claims in the two notices that had previously raised such claims." Id.

The Court agrees with CEH that there are no changed circumstances to justify Plaintiffs' untimely request to present oral testimony. On June 30, 2011, when Plaintiffs filed their motion for preliminary injunction, Plaintiffs were readily aware that they needed to address the issue of whether Plaintiffs will suffer irreparable harm if they are forced to provide warnings under Proposition 65, or to defend themselves from CEH's threatened lawsuit. The August 16, 2011 Amended Notices of Violation withdrew the "discharge prohibition" allegations, but did not alter the allegations with respect to the "warning requirement" of Proposition 65. Thus, Plaintiffs have failed to explain how the August 16, 2011 Amended Notices of Violation "necessitate" oral testimony.[1]

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' request to present oral testimony in support of their motion for preliminary injunction is DENIED.

IT IS SO ORDERED.

Dated: September 16, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Loyd acknowledged in his July 1, 2011 declaration that he received CEH's May 9, 2011 Notice of Violation of Proposition 65's "warning requirement" and directly addresses the difficulties of defending against CEH's lawsuit. See Doc. 15 at 2-3.

3